UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Jose L.,                                          File No. 26-cv-1456 (ECT/SGE)

      Petitioner,

v.                                                        **ORDER**

Pamela Bondi, *Attorney General*; Kristi
Noem, *Secretary, U.S. Department of
Homeland Security*; Todd M. Lyons,
*Acting Director of Immigration and
Customs Enforcement*; David Easterwood,
*Acting Director, St. Paul Field Office
Immigration and Customs Enforcement*, and
George Dedos, *Warden, Torrance County
Detention Facility*,

      Respondents.

---

Petitioner Jose L. is a citizen of Ecuador who was detained by Immigration and

Customs Enforcement ("ICE") agents in St. Paul, Minnesota, on January 10, 2026, as part

of "Operation Metro Surge." Pet. [ECF No. 1] ¶¶ 12, 16, 18. According to the Petition,

Jose "was arrested and processed in Minnesota before being shipped off to New Mexico."

*Id.* ¶ 21; *see also id.* ¶ 11. Jose filed a Verified Petition for Writ of Habeas in this District

on February 16, 2026, seeking his release from custody or, alternatively, a bond hearing.

*See* Pet.

"[F]or core habeas petitions challenging present physical confinement, jurisdiction

lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426,

443 (2004). "An exception is recognized, however, where the petitioner's location is

unknown at the time of filing—such as when the petitioner is in transit—or where

immigration authorities have not disclosed where the petitioner is being detained or by whom, and circumstances have prevented or precluded contact with counsel." *Adriana M.Y.M. v. Easterwood*, No. 26-cv-213 (JWB/JFD), 2026 WL 184721, at *2 (D. Minn. Jan. 24, 2026); *accord* Order at 1–2, *Fausto T. v. Bondi*, No. 26-cv-748 (PJS/EMB) (D. Minn. Jan. 28, 2026), ECF No. 3; Order at 2–3, *Angel A. v. Lyons*, No. 26-cv-777 (SRN/ECW) (D. Minn. Feb. 2, 2026), ECF No. 7. This exception does not apply here. There is no dispute that Jose was detained in New Mexico at the time he filed his Petition. *See* Pet. ¶¶ 11, 21.[1] Accordingly, the Court lacks jurisdiction over Jose's Petition, and the Petition will be transferred to the District of New Mexico.

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT** Petitioner Jose L.'s Verified Petition for Writ of Habeas Corpus [ECF No. 1] is **TRANSFERRED** to the United States District Court for the District of New Mexico.

Dated:  February 19, 2026              s/ Eric C. Tostrud
                                       Eric C. Tostrud
                                       United States District Court

---

[1]     Jose did not respond to the Court's February 16, 2026 Order to "file a supplement to the Petition . . . on or before February 18, 2026, including [Jose's] view as to whether— and if so, why—this matter is materially distinguishable, either factually or legally, from *Ali A. v. Bondi*, No. 26-cv-826 (ECT/DJF) (D. Minn. Feb. 3, 2026), ECF No. 12." *See* ECF No. 3 at 1.  Nor did he respond to that Order's directive to "include [Jose's] position on whether the Petition should be (a) transferred to the appropriate district of confinement or (b) dismissed without prejudice to refiling in the appropriate district, if it is determined that jurisdiction is lacking." *Id.* at 2.